UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SCOTTSDALE INSURANCE CO.,

    Plaintiff,

v.                                                               Case No. 14-2636

THE ALARM COMPANY, LLC, THOMAS
BRADY, SUSAN BRADY, and LANCE
WOODS

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

This insurance dispute arises out of a contract between Plaintiff, Scottsdale Insurance Company ("Scottsdale"), and Defendants, The Alarm Company and its principals. Scottsdale seeks a declaratory judgment that it does not owe Defendants a duty to provide a defense and indemnity in connection with claims asserted by ADT Services in the related, underlying litigation. *See ADT Servs. AG and ADT Security Servs., Inc. v. Thomas Brady, Susan Brady, Lance Woods, and The Alarm Company, LLC*, No. 10-cv-02197 (W.D. Tenn. Sept. 15, 2014). Pending before the court is Plaintiff's Motion for Summary Judgment. (Dkt. # 33.) Defendants have filed a Response and Cross-Motion for Summary Judgment, (Dkt. # 46.), to which Plaintiff has replied, (Dkt. # 49). On August 27, 2015 the court ordered supplemental briefing on the threshold issue of whether Defendants failed to give Plaintiff proper notice of their claims, which was a dispositive issue raised in the Amended Complaint (Count VI) but

not addressed in the parties' motions. (Dkt. # 59.) The parties simultaneously filed supplemental briefs on that issue. (Dkt. ## 61, 62.) The matter is now fully briefed and the court determines that a hearing is not needed. *See* W.D. Tenn. LR 7.2(d). For the following reasons the court will grant Plaintiff's Motion for Summary Judgment and deny Defendant's Cross-Motion for Summary Judgment.

## I. BACKGROUND

From 2009 to 2013, Scottsdale provided Defendants insurance against liability for certain business-related activities. (Dkt. # 56, Pg. ID 1469-70.) Before Defendants obtained insurance from Scottsdale, they were involved in litigation and a resulting settlement with ADT Services AG and ADT Security Services, Inc. (collectively "ADT") concerning some allegedly fraudulent conduct. (*Id.* at Pg. ID 1471.) In that litigation, which took place from 2005 to 2008, ADT alleged that it had terminated another company, Crime Prevention, Inc., as an authorized dealer and that within months the company reformed as The Alarm Company in order to shield Crime Prevention, Inc and its principal Thomas Brady from liability. The Alarm Company then proceeded to approach its old customers, to whom Defendants had previously sold ADT contracts, and, claiming to be still affiliated with ADT, convince them to break their ADT contracts and sign up with a new security company that Defendants now represented. (*Id.* at Pg. ID 1472-73.) In April 2008, ADT and Defendants settled, and Defendants agreed not to solicit ADT customers within a certain geographical area. (*Id.*)

Shortly thereafter, in May of 2008, a local news station published an article detailing allegations that representatives from The Alarm Company duped an elderly woman into believing they were representatives of ADT and sold her $1,800 of security

services. (Dkt. # 56-8, Pg. ID 1968-69.) According to the article, The Alarm Company responded to requests for interviews concerning the article with a five page letter from one of the attorneys of record in this suit, Jeff Germany. (*Id.*) Apparently prompted by the news story, on December 1, 2009, ADT sent Susan and Thomas Brady a cease and desist letter threatening legal action and stating that ADT had learned that The Alarm Company was not complying with the settlement agreement. (*Id.* at Pg. ID 1982-83.) After the cease and desist letter, another news station published another account of Defendants' alleged scam in early March of 2010, this time the putative targets were a 95 year old woman and her 100 year old sister. (*Id.* at 1976-77.)

ADT initiated the current underlying litigation on March 22, 2010, alleging that after the 2008 settlement, The Alarm Company continued to interfere with its customer contracts by using deceptive and unlawful tactics to force ADT customers to transfer their contracts to the Alarm Company. (*Id.*). ADT claimed that Defendants told customers that ADT was no longer in business, that they were canceling all contracts and services, that The Alarm Company was ADT's successor, and that consumers had to switch their contracts to the Alarm Company. (*Id.* at Pg. ID 1473-74.) On January 29, 2013, the Complaint was amended to add a breach of contract claim. (*Id.* at Pg. ID 1471.) Over three years after the original Complaint was filed and over seven months after the Amended Complaint was filed, Defendants notified Scottsdale of the claims against The Alarm Company. (*Id.* at Pg. ID 1483.) That litigation ended with a settlement and an accompanying permanent injunction ordering Defendants not to engage in the alleged deceitful conduct. *See ADT Servs. AG*, No. 10-cv-02197 (W.D. Tenn. Sept. 15, 2014).

3

## II. STANDARD

A court will enter summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Additionally, the court's role is not to weigh the evidence and rule on the truth of the matter, but to determine whether there is a genuine issue to be considered at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment, therefore, is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52 (1986).

## III. DISCUSSION

In Count VI of the Amended Complaint, Plaintiff alleges that Defendants breached the notice provision of their insurance contract and that Scottsdale is therefore relieved of its obligation to provide coverage. (Dkt. # 56, Pg. ID 1482.) The insurance

4

policies in force at the relevant times require that the insured give notice "as soon as practicable" of an "occurrence or offense" or "error or omission" that may result in a claim. (*See, e.g.*, Dkt. # 56-3, Pg. ID 1589.) Additionally, the policies include a provision that requires an insured to give notice "as soon as practicable" after a claim or suit has been brought. (*Id.*) Defendants argue that even if notice was delayed there was no prejudice to Scottsdale, and the law requires some prejudice arising from the delay in order to deny coverage.

Tennessee law governs this court's interpretation of the insurance policies at issue in this case. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 (1938); *U.S. Fire Ins. Co. v. Vanderbilt Univ.*, 267 F.3d 465, 470 (6th Cir. 2001). Under Tennessee law, "once it is determined that the insured has failed to provide timely notice in accordance with the insurance policy, it is presumed that the insurer has been prejudiced by the breach." *Alcazar v. Hayes*, 982 S.W.2d 845, 856 (Tenn. 1998). The insured then has the burden to proffer "competent evidence that the insurer was not prejudiced by the insured's delay." *Id.* Thus the court must engage in a two-step inquiry. First, the court must determine whether The Alarm Company gave timely notice to Scottsdale in accordance with the policy. Second, if The Alarm Company did not give timely notice, the court must determine if The Alarm Company has rebutted the presumption of prejudice and created a genuine issue of material fact for trial.

As to whether notice was timely, the Tennessee Supreme Court has held that when an insurance policy requires notice "as soon as practicable," the insured must "give notice when he becomes, or should become, aware of facts which would suggest to a reasonably prudent person that the event for which coverage is sought might

5

reasonably be expected to produce a claim against the insurer." *Reliance Ins. Co. v. Athena Cablevision Corp.*, 560 S.W.2d 617, 618 (Tenn. 1977). The court noted that "'as soon as practicable' are not words of precise or definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases." *Id.* (quoting *Transamerica Ins. Co. v. Parrott*, 531 S.W.2d 306, 312-13 (Tenn. Ct. App. 1975)). Thus, the words "must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause." *Id.*

Defendants rightly spend little time arguing that they gave timely notice. They appear to argue, instead, that it is somehow relevant to the timeliness inquiry that they "had counsel and [were] actively engaged in the defense of the allegations." (Dkt. # 62, Pg. ID 2313.) It is undisputed, however, that news reports concerning the fraudulent activity began surfacing in May 2008, and Defendants apparently at that point engaged the services of attorney Jeff Germany to dispute the claims. (Dkt. # 56-8, Pg. ID 1968-69.) Certainly if they saw the need to engage the representation of an attorney, Defendants had "become[] . . . aware of facts that . . . might reasonably be expected to produce a claim against the insurer." *See Reliance*, 560 S.W.2d at 618. At the very latest, Defendants incurred a duty to notify Scottsdale when ADT sent the December 1, 2009 cease and desist letter that threatened legal action for breaching the settlement agreement. The Alarm Company did not notify Scottsdale of these occurrences until August 15, 2013, five years after engaging legal representation on the matter and three and a half years after receiving a cease and desist letter from ADT. Defendants even

waited years after ADT filed its original complaint in the underlying matter. The Alarm Company failed to timely notify Scottsdale of the claims at issue here.

The court must now consider whether Defendants can overcome the presumption of prejudice, *Alcazar*, 982 S.W.2d at 856, and concludes that they cannot. Courts have held that an insurer is prejudiced when timely notice of a claim would have given the insurer the opportunity to cancel or decline to renew a policy, thereby eliminating claims for future related acts. 1 Allan D. Windt, *Insurance Claims and Disputes* § 1:4 n.32 (6th ed.). Plaintiff was prejudiced here because Defendants continued to renew their insurance contract year after year, while continuing to engage in the conduct that gave rise to the instant claims. By delaying notice of the occurrences at issue here, Defendants deprived Plaintiffs of information that would have been highly relevant in the decision to renew or cancel The Alarm Company's insurance contract. In fact, once Scottsdale finally learned of the claims against The Alarm Company, it did cancel coverage. Further, Scottsdale lost the opportunity to intervene in order to stop or mitigate the conduct that, at least as early as May 2008, began the accrual of liability that continued for years thereafter.

Defendants cite cases in which courts have found that significant delays, even a delay until after a verdict was entered against the insured, were not found to prejudice insurers. *See Nat'l Union Fire Ins. Co. v. Mead Johnson & Co., LLC*, 735 F.3d 539 (7th Cir. 2013); *Falcon Steel Co. v. Md. Cas. Co.*, 366 A.2d 512 (Del. Super. Ct. 1976). These cases are distinguishable, however. In *National Union Fire*, the parties do not appear to have argued that the duty to notify the insurer was triggered at any time before the underlying lawsuit in that case was filed. 735 F.3d at 542-44. The suit in that

7

case, involving claims of false advertising, was filed and resulted in a verdict within one year. *Id.* at 542 (law suit filed in 2009 and concluded with a jury verdict by December 2009). The insurer, therefore, would have had no opportunity to intervene in order to mitigate or cut-off liability even if the insured had given timely notice. The same is not true in this case where the allegedly tortuous conduct that gave rise to the insurance claim was ongoing for a span of years. The same goes for *Falcon Steel*, which involved a single wrongful-death claim. 366 A.2d at 513. There, unlike here, earlier notice would not have given the insurer the opportunity to mitigate any potential claim against it by either forcing the insured to modify its conduct or by canceling coverage.

In sum, though the language at issue here, "as soon as practicable," should be read to give insurance claimants "more or less free play," *Reliance*, 560 S.W.2d at 618, the court has little trouble concluding as a matter of law that it does not give Defendants the right to delay notice for years without explanation or justification. Further, it does not allow insured entities to hide, by omission, conduct that would lead an insurer to reassess its decision to assume an insured's risk.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 33) is GRANTED. Defendant's Cross-Motion for Summary Judgment (Dkt. # 46) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SUBMIT to the court a proposed declaratory judgment by **April 8, 2016.** If there is an objection to the proposed language, Defendants may respond and articulate the objection no later than **April 15, 2016.**

                           s/Robert H. Cleland
                           ROBERT H. CLELAND
                           UNITED STATES DISTRICT JUDGE

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2016, by electronic and/or ordinary mail.

                           s/Lisa Wagner
                           Case Manager and Deputy Clerk
                           (313) 234-5522

C:\Users\wagner\AppData\Local\Temp\notesDF63F8\14-2636.SCOTTSDALE.grantSMJ.smq.V2.wpd

9